UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cardiac Pacemakers, Inc.; and
Guidant Sales Corporation,

Civil No. 04-4048 (DWF/FLN)

Plaintiffs,

v.

**MEMORANDUM
OPINION AND ORDER**

Aspen II Holding Company, Inc.,
d/b/a Aspen Healthcare Metrics, LLC,

Defendant.

---

Craig S. Coleman, Esq., John H. Hinderaker, Esq., Gerard M. Nolting, Esq., Faegre & Benson LLP, counsel for Plaintiffs.

Douglas R. Boettge, Esq., and Lawrence J. Field, Esq., Leonard Street and Deinard, Norman K. Beck, Esq., Monika M. Blacha, Esq., Josh Goldberg, Esq., Sheri Klintworth Rudberg, Esq., Timothy J. Rivelli, Esq., and Dan K. Webb, Esq., Winston & Strawn, counsel for Defendant.

---

## Introduction

Defendant Aspen Healthcare Metrics, LLC ("Aspen") has requested leave of this Court, pursuant to Local Rule 7.1(g), to file a motion for reconsideration of the Court's Memorandum Opinion and Order (the "Order") dated February 2, 2006. In the Order, the Court denied Aspen's Motion for Summary Judgment and granted Plaintiffs Cardiac Pacemakers, Inc., and Guidant Sales Corporation's (collectively, "Guidant") Motion for Partial Summary Judgment. In its Complaint (the "Complaint"), Guidant asserted the following causes of action: (1) tortious interference with confidentiality agreements; (2) tortious interference with contracts; (3) tortious interference with prospective

contractual relations; and (4) misappropriation of trade secrets.  Aspen asserted counterclaims for tortious interference with prospective contractual relations and defamation.  For the following reasons, Aspen's request for leave to file a motion for reconsideration is denied.

## Discussion

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances."  D. Minn. L.R. 7.1(g).  A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances."  *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

First, Aspen asserts that the Court improperly dismissed with prejudice all of Aspen's affirmative defenses.  Aspen contends that only resolution of certain Aspen affirmative defenses on Count I of Guidant's Complaint was properly before the Court.  The Court agrees.  The Court did not dismiss with prejudice Aspen's affirmative defenses regarding Counts II, II, and IV of Guidant's Complaint.  In the Order, the Court only dismissed Counts I and II (Aspen's Counterclaims) of the "Answer, Affirmative Defenses, and Counterclaim of Defendant/Counterplaintiff Aspen Healthcare Metrics."  (Order at 21.)  Therefore, Aspen may raise the affirmative defenses before the Court in the case that is proceeding to trial.

Second, Aspen asserts that the Court improperly denied Aspen's motion for summary judgment on Count II of Guidant's Complaint, which alleged that Aspen

intentionally induced hospital clients to repudiate their contracts with Guidant. Aspen asserts that undisputed facts establish that there was no unequivocal anticipatory repudiation or, alternatively, that the repudiation was effectively rescinded. Here, Guidant has pointed to evidence in the record that indicates that some of Aspen's hospital clients terminated or repudiated Guidant's sales contracts early at Aspen's urging. Therefore, the Court finds that genuine issues of material fact exist, precluding summary judgment in favor of Aspen on Count II of Guidant's Complaint.

Finally, Aspen asserts that the Court applied an incorrect standard in determining whether an agency relationship was formed between the hospitals and Aspen. The Court found that Aspen was not an agent because Aspen lacked power to bind the principal when dealing with third parties. The parties fully briefed this issue, and the Court will not re-litigate an old issue. Furthermore, even if Aspen is an agent of its hospital clients, Aspen is not authorized to obtain Guidant's contracts and pricing terms. Aspen is not one of the parties named in the contracts between Guidant and the hospitals and is thus a third party. Additionally, even if Aspen were authorized to obtain Guidant's contracts and pricing terms as an agent, Aspen may be precluded from sharing that information with other hospitals. However, the Court does not reach the issue of whether Aspen, as an agent, may do for its hospital clients what they cannot legally do for themselves.

The Court finds that Aspen has not demonstrated compelling circumstances that warrant granting a request to file a motion for reconsideration. Therefore, Aspen's request for leave to file such a motion is denied.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Aspen's request to file a motion for reconsideration (Doc. No. 223) is

**DENIED**.

Dated:  March 14, 2006          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court