# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cardiac Pacemakers, Inc.; and
Guidant Sales Corporation,

    Plaintiffs,

v.

Aspen II Holding Company, Inc.,
d/b/a/ Aspen Healthcare Metrics, LLC,

    Defendant,

and

Public Citizen,

    Intervenor.

Civil No. 04-4048 (DWF/FLN)

**MEMORANDUM
OPINION AND ORDER**

---

Craig S. Coleman, Esq., John H. Hinderaker, Esq., Gerard M. Nolting, Esq., and Jonathan W. Dettmann, Esq., Faegre & Benson LLP, counsel for Plaintiffs.

Douglas R. Boettge, Esq., Byron E. Starns, Esq., and Lawrence J. Field, Esq., Leonard Street and Deinard; and Norman K. Beck, Esq., Monika M. Blacha, Esq., Josh Goldberg, Esq., Sheri Klintworth Rudberg, Esq., Timothy J. Rivelli, Esq., Dan K. Webb, Esq., and Kevin Banasik, Esq., Winston & Strawn, counsel for Defendant.

Paul A. Levy, Esq., Public Citizen Litigation Group, and Mark R. Anfinson, Esq., Anfinson Law Office, counsel for Intervenor.

---

## Introduction

This matter is before the Court pursuant to Public Citizen's Motions to Intervene and to Unseal Summary Judgment Briefs and Supporting Papers. Cardiac Pacemakers,

Inc., and Guidant Corporation (collectively, "Guidant") oppose the motions.[1]  On one

hand, Aspen II Holding Company, Inc., d/b/a/ Aspen Healthcare Metrics, LLC ("Aspen")

does not oppose unsealing the entire summary judgment record.  However, on the other

hand, because Guidant opposes the motions, Aspen requests that certain documents

remain sealed.  For the following reasons and consistent with the Court's remarks off the

bench at oral argument on September 22, 2006, the Court grants Public Citizen's Motion

to Intervene and grants in part and denies in part Public Citizen's Motion to Unseal

Summary Judgment Briefs and Supporting Papers.

## Background

Cardiac Pacemakers, Inc. ("CPI"), manufactures implantable cardiac rhythm

management devices ("CRM devices"), such as pacemakers and defibrillators.  Guidant

Sales Corporation ("GSC"), a wholly-owned subsidiary of CPI, sells the devices.  Aspen

is a healthcare consulting firm.  Public Citizen is a national, non-profit, consumer

advocacy organization that represents consumer interests in Congress, the executive

branch, and the courts.  Public Citizen maintains a Health Research Group that promotes

research-based, system-wide changes in healthcare policy and provides oversight

concerning prescription drugs, medical devices, doctors and hospitals, and occupational

health.

---

[1]     Guidant does not oppose unsealing the summary judgment briefs with certain
redactions.

Guidant initiated this lawsuit against Aspen, asserting the following causes of action:  (1) tortious interference with confidentiality agreements; (2) tortious interference with contracts; (3) tortious interference with prospective contractual relations; and (4) misappropriation of trade secrets.  In its Answer, Aspen counterclaimed for tortious interference with prospective contractual relations and defamation.  The parties stipulated to a Protective Order (the "Protective Order"), which the Court approved on November 19, 2004.  In relevant part, that order states "[d]iscovery material produced in this action by any party or non-party which contains or discloses information alleged to be of a non-public nature, and commercially sensitive or proprietary may be designated by the producing party or non-party as "CONFIDENTIAL DISCOVERY MATERIAL." (Protective Order at ¶ 2.)  The Protective Order further states "a subpoenaed third party who so elects may avail itself of, and agree to be bound by, the terms and conditions of this Protective Order."  (*Id.* at ¶ 13.)  Additionally, the Protective Order provides that if a party disagrees with the "Confidential Discovery Material" designation, "the party may challenge the designation by motion to the Court" and that the party making the designation "shall have the burden to establish that its confidential designation is supported by good cause."  (*Id.* at ¶ 15.)

Guidant and Aspen both moved for summary judgment and submitted their briefs and supporting documents under seal, pursuant to the Protective Order.  No party or

non-party challenged the filing of these documents under seal.[2]  On February 2, 2006, the

Court granted Guidant's Motion for Partial Summary Judgment on Count 1 and on

Aspen's counterclaims, and denied Aspen's Motion for Summary Judgment on Counts 2

through 4 (the "February 2 Order").  Although the Court granted summary judgment in

favor of Guidant on Count 1, the Court found that a question of fact still existed as to the

amount of damages.  After the Court's February 2, 2006 Order, Guidant moved to

voluntarily dismiss without prejudice Counts 2 through 4, which the Court granted on

February 13, 2006.

     Trial in this case was scheduled to begin on Monday, May 15, 2006.  On the eve of

trial, the parties settled the lawsuit and entered into a sealed consent order.  On May 31,

2006, the Court issued an Order of Dismissal with Prejudice, dismissing all remaining

claims with prejudice.  The parties' summary judgment briefs and corresponding

documents remain under seal.  Public Citizen now moves to intervene and requests that

the Court unseal the summary judgment briefs and supporting documents.

---

2     During the discovery phase of this litigation, however, Aspen did bring a Motion
to Remove Plaintiff's/Counter Defendants' Confidential Designations from Selected
Documents and to Clarify the Protective Order (Doc. No. 60).  In particular, Aspen
sought to unseal documents related to a study that Millennium Research Group ("MRG")
conducted for Guidant.  Magistrate Judge Franklin L. Noel denied Aspen's motion.

## Discussion

### I.    Motion to Intervene

Public Citizen seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).  Rule 24(b) provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Although the Eighth Circuit has not decided whether permissive intervention is the appropriate procedural course for third-party challenges to protective orders, this district follows the majority view, which allows a party to challenge a protective order under Rule 24(b).  *See In re Baycol Prods. Litig.*, 214 F.R.D. 542, 543 (D. Minn. 2003).  In deciding whether to grant permissive intervention, the Court considers three factors: (1) whether the motion to intervene is timely; (2) whether the applicant's claim shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights.  *Id.* at 543–44.  The Court has discretion to grant or deny a motion for permissive intervention, and its decision is reviewed under an abuse of discretion standard.  *South Dakota v. United States Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).

Public Citizen seeks to intervene for the limited purpose of seeking public disclosure of the briefs and supporting documents filed by Guidant and Aspen with respect to the parties' cross-motions for summary judgment.  Public Citizen alleges that

Guidant is threatening third parties in the healthcare industry with liability based on the Court's summary judgment ruling and that these companies need guidance with respect to acceptable price comparisons and disclosure activities. Public Citizen contends that it, hospitals, and other health-care companies cannot fully understand the reach of the Court's February 2 Order without knowing what arguments were presented to the Court. Thus, Public Citizen seeks the information contained in the parties' summary judgment briefs and related documents so that it can more thoroughly investigate and report about this matter of public interest and so that it can effectively assist targets of Guidant's alleged threats of liability.

Guidant opposes Public Citizen's Motion to Intervene on the ground that the motion is untimely. In particular, Guidant contends that the motion is untimely because the Court has closed the lawsuit. Guidant also alleges that Public Citizen knew of the Court's decision well before the conclusion of this litigation and that Public Citizen therefore has no justification for waiting until after the litigation ended before seeking to intervene. Finally, Guidant contends that Public Citizen's delay severely prejudices Guidant. Specifically, Guidant contends that allowing Public Citizen to obtain and disseminate the confidential documents at issue in the litigation would destroy the core benefit that motivated Guidant to settle the lawsuit.

First, the Court finds that Public Citizen's motion is timely. There is a "growing consensus amount the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." *E.E.O.C. v. Nat'l*

*Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998) (citing cases).  Here, it was not until after the litigation ended that Guidant allegedly threatened Public Citizen with liability based on the Court's February 2 Order.  Although a presumption exists that a motion to intervene is untimely when brought after the litigation has closed, the Court finds that there is no prejudice to Guidant in permitting Public Citizen to intervene at this stage for the sole purpose of challenging the Protective Order.  Public Citizen seeks to intervene for the limited purpose of requesting that the summary judgment record be unsealed so that it can see what arguments the parties made to the Court in order to fully understand the reach of the Court's February 2 Order.

Further, Public Citizen noted at oral argument that it does not seek Guidant's contracts with its hospital clients or the prices from those contracts.  Thus, the Court does not find that allowing Public Citizen to intervene for this limited purpose would jeopardize the settlement agreement.  Additionally, as stated at oral argument, the Court has a stake in unsealing the summary judgment record apart from Public Citizen's interest given that the Court is a public institution.[3]  Thus, the Court rejects Guidant's assertion that the Court should deny Public Citizen's Motion to Intervene on the ground that the motion is untimely.

---

3       In fact, on several occasions during the litigation, the Court questioned the extent of the sealing of documents in this case.

7

Next, the Court finds that Public Citizen has satisfied the requirement that its claim has a question of law or fact in common with the underlying action.  Public Citizen has alleged that Guidant has threatened liability against Public Citizen based on the Court's February 2 Order.  Thus, Public Citizen's request to more fully understand the Court's February 2 Order is based on the facts and law of the underlying action.  Finally, as stated with regard to the Court's discussion of the issue of timeliness, the Court does not find that Guidant will be unduly prejudiced by Public Citizen's permissive intervention. Accordingly, the Court grants Public Citizen's Motion to Intervene.

## II.    Motion to Unseal

Next, Public Citizen moves the Court to unseal the summary judgment briefs and all related documents pertaining to that motion, except for Guidant's contracts with hospital clients or prices from those contracts.[4]  Rule 26 of the Federal Rules of Civil Procedure anticipates that, in certain cases, discovery of trade secrets or other confidential information may be sealed.  That Rule provides, in part, that a court "may make any [protective] order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P. 26.  "Whether trade secrets are involved or not, and whether their revelation will cause damage to someone, are questions

---

4      In particular, Public Citizen requests that the Court unseal the following docket
(Footnote Continued on Next Page)

8

of fact, to be decided [by the court] after receiving evidence." *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 663 (8th Cir. 1983).  Courts should not simply take representations of interested counsel on faith, but should instead conduct a limited *in camera* review of documents alleged to contain trade secrets and other proprietary information.  *Id.* at 662–63.

Public Citizen asserts that the Court should unseal the summary judgment record, with the exception of Guidant's contracts with hospitals and the price terms contained therein, because the public has an interest in the lawsuit and because Guidant has allegedly threatened third parties with liability based on the February 2 Order.  Public Citizen seeks to enforce the public's presumptive right of access to judicial records. Public Citizen admits that the presumption may be overcome by a showing of countervailing interests but contends that Guidant has made no such showing. Additionally, Public Citizen contends that the First Amendment creates a presumptive right of public access to judicial records in civil cases and that, pursuant to this right, Public Citizen is entitled to access to the summary judgment record.

Guidant contends that the Court should reject Public Citizen's motion to unseal the summary judgment record because these documents contain trade secrets and other proprietary information.  In particular, Guidant claims that the following documents contained in the summary judgment record should remain confidential:  (1) contracts,

---

(Footnote Continued From Previous Page)
entry numbers:  158–161, 164, 167, 179, 182–185, 187, 189, 191, 193, 194, 201, and 205.

complete with pricing schedules, that are governed by confidentiality agreements; (2)

documents prepared by McKinsey Consulting Co. and Guidant, as well as deposition

testimony explaining Guidant's pricing policies and practices; (3) internal Guidant

documents and deposition transcripts discussing particular customers and contract

negotiations; (4) Guidant's pricing approval guidelines; and (5) documents related to

Guidant's double-blind and proprietary market survey.  Guidant maintains that disclosure

of these documents would undermine the confidential and trade secret status of Guidant's

contract prices and pricing policies.  Further, Guidant alleges that disclosure would

undermine Guidant's negotiating ability in current and future contract negotiations and

give its competitors an enormous competitive advantage.  Finally, Guidant alleges that

disclosure of documents related to particular customers may damage Guidant's

relationships with these customers.

Guidant and Public Citizen agree that there is a common-law right of access to

judicial records.  *See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371,

1376 (8th Cir. 1990).  The Eighth Circuit has held that this right of access "is not

absolute, but requires a weighing of competing interests."  *Id.*   A court has supervisory

power over its own records, and the decision to seal a file is within the court's discretion.

*Id.*  The Court finds that Guidant has a heightened burden to overcome the presumptive

right of the public access to the briefs and supporting documents at issue because they

were filed in support of and in opposition to motions for summary judgment.  *See Joy v.

North,* 692 F.2d 880, 893 (2d Cir. 1982) ("documents used by parties moving for, or

opposing, summary judgment should not remain under seal absent the most compelling reasons."). Moreover, the Protective Order states that it applies to "discovery material" produced in the litigation and thus, arguably, does not extend to the summary judgment record. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) ("we question whether the [Protective] Order remained in effect over these documents once they were submitted to the court below as attachments to a summary judgment motion. It appears from the record that the Order was entered to facilitate pre-trial discovery.").

Further, the Protective Order extended broad protection to all documents produced by both parties during discovery. Because the parties did not object to each other's confidential designations, with one exception, the parties were never required to make a showing of good cause for confidentiality as to any individual documents. Thus, the Court must review the documents that Public Citizen seeks for good cause under Fed. R. Civ. P. 26 and must weigh the competing interests regarding the common-law right of access to judicial records.[5]

---

[5]     Following the Eighth Circuit's approach in *Webster Groves*, the Court does not reach Public Citizen's argument that the First Amendment creates a presumptive right of public access to judicial records in civil cases. In *Webster Groves*, the Eighth Circuit noted that the Supreme Court has never found a First Amendment right of access to civil proceedings or to the court file in a civil proceeding. 898 F.2d at 1377. The Eighth Circuit in *Webster Groves* found it unnecessary to decide this question, holding that whether it applied a constitutional standard or a common-law standard, the result would have been the same after weighing the interests involved. *Id.* Likewise, here, whether applying a constitutional standard or the common-law standard, the Court finds that

(Footnote Continued on Next Page)

The Court has carefully reviewed *in camera* every supporting document that Guidant or Aspen contend should remain sealed.  The Court determined which documents contain trade secrets or proprietary information and then weighed Public Citizen's need for disclosure against the potential harm that unsealing may cause Guidant or Aspen.  For the documents that contain trade secrets and other proprietary information, the Court finds that there is no reasonable alternative to sealing most of these documents.  Indeed, trade secrets "only value consists in their being kept private."  *Iowa Freedom*, 724 F.2d at 662. "If they are disclosed or revealed, they are destroyed."  *Id.*  Based on the foregoing, the Court has created a list of documents that it finds should remain sealed and noted the basis for the seal.  The Court orders that all other supporting documents relating to the summary judgment record be unsealed.

Additionally, the Court orders that the summary judgment briefs be unsealed in their entirety.  The Court has carefully reviewed Guidant's proposed redactions to the briefs and notes that most of the redactions, which total approximately five pages, relate to MRG.  The Court rejects Guidant's contention that these portions of the briefs should remain sealed because, during discovery, Magistrate Judge Noel rejected Aspen's request to unseal certain materials regarding MRG.  The Court finds that there is a stronger

---

(Footnote Continued From Previous Page)
Public Citizen's interest in access to the records is generally outweighed by Guidant's interest in keeping trade secrets and proprietary business information confidential.

presumption against sealing briefs and supporting documents at the summary judgment stage than at the discovery stage.  Summary judgment briefs are on a different plane than the supporting documents, especially when subsequent documents based on arguments made in the summary judgment briefs—namely the hearing transcript and February 2 Order—are unsealed.  Therefore, the Court finds that the summary judgment briefs should be unsealed.

The following charts address Guidant's requests to keep sealed or redact certain supporting documents.  Where Guidant objects solely on the basis that documents originated from a third-party, Guidant has no objection to unsealing the document pending the Court's decision regarding third-party materials.  The Court has indicated its ruling to Guidant's requests by marking a "yes," "no," or "yes, in part" in the column titled "Ruling."  A "yes" ruling means that the Court finds that the exhibit in question should remain sealed or redacted; a "no" ruling means that the Court finds that the exhibit should be unsealed.  On four exhibits, the Court ruled "yes, in part" because the Court finds that certain material within an exhibit should be redacted, but declines to seal the entire document.  The Court has not yet ruled on certain exhibits containing third-party material and therefore leaves the space blank.  The Court will rule on these exhibits once the time for affected third parties to object has passed, as directed below.  The Court has listed Guidant's proposed bases for sealing each exhibit and then indicated whether the Court agrees or disagrees with each asserted basis.  The Court has indicated whether it

agrees, disagrees, or finds a proposed basis moot, by including an "(A)," "(D)," or "(M),"

respectively, after each proposed basis.

**Docket No. 159: Affidavit of Craig S. Coleman (filed 11/01/2005)**

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 1 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (A)<br>• Third-party material (M) |
| 2 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 3 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 4 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 5 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 7 | Deposition testimony of Gary Cardoza (Guidant) and Jay Ethridge (Guidant) | No | • Trade secret pricing policies (D)<br>• Proprietary and commercially sensitive (D)<br>• Commercial harm if disseminated (D) |
| 8 | Internal Guidant presentation re pricing analysis | Yes | • Trade secret pricing policies (A)<br>• Proprietary and commercially sensitive (A)<br>• Commercial harm if disseminated (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 9 | McKinsey presentation to Guidant re pricing strategy | Yes | • Trade secret pricing policies (A)<br>• Proprietary and commercially sensitive (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 10 | Guidant pricing template | Yes | • Trade secret pricing policies (A)<br>• Proprietary and commercially sensitive (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 11 | Deposition testimony of Gary Cardoza (Guidant) and Jay Ethridge (Guidant) | Yes | • Trade secret pricing policies (A)<br>• Proprietary and commercially sensitive (A)<br>• Commercial harm if disseminated (M) |
| 12 | Guidant pricing approval guidelines | Yes | • Trade secret pricing policies (A)<br>• Proprietary and commercially sensitive (A)<br>• Commercial harm if disseminated (M) |
| 21 | Deposition testimony of John Armstrong (Scripps Hospital), Joel Lankford (St. Patrick Hospital), Mark McDermott (Christiana Care), Gerry Slingsby (St. Patrick Hospital) | | • Third-party material |
| 28 | Request for Proposal | Yes | • Pricing information (A)<br>• Commercial harm if disseminated (M) |
| 29 | Request for Proposal | Yes | • Pricing information (A)<br>• Commercial harm if disseminated (M) |
| 52 | Updated Preliminary Expert Report of Donald Nicholson | Yes, in part | • Pricing information (A)<br>• Commercial harm if disseminated (D) |
| 54 | Customer list | Yes | • Proprietary and commercially sensitive (A) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 62 | Hospital Cost Savings Report | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M) |
| 64 | Preliminary Expert Report of Donald Nicholson | Yes, in part | • Pricing information (A)<br>• Commercial harm if disseminated (D) |
| 65 | Report of Cobb & Associates | Yes, in part | • Pricing information (A)<br>• Commercial harm if disseminated (D) |
| 66 | Deposition testimony of John Armstrong (Scripps) | No | • Third-party material (D)<br>• Commercial harm if disseminated (D) |
| 68 | Report of Cobb & Associates | Yes, in part | • Pricing information (A)<br>• Commercial harm if disseminated (D) |

**Docket No. 161:  Affidavit of Jay Ethridge (filed 11/01/2005)**

The Court rules that this affidavit remain sealed.

Basis for redactions:
- Explanation of Guidant's trade secret pricing strategies (A)
- Proprietary (A) and commercially sensitive (M)
- Commercial harm if disclosed (M)

**Docket No. 167:  Affidavit of Douglas R. Boettge (filed 11/01/2005)**

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 3 | Deposition testimony of Gary Cardoza (Guidant) | No | • Guidant customer negotiation strategy (D)<br>• Commercial harm if disseminated (D) |
| 4 | Deposition testimony of Mitch McCahey (former Guidant sales manager) | Yes | • Guidant customer negotiation strategy (A)<br>• Testimony regarding specific customer negotiations (A)<br>• Commercial harm if disseminated (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 5 | Internal Guidant correspondence | Yes | • Guidant customer negotiation strategy (A) <br> • Commercial harm if disseminated (M) |
| 6 | Internal Guidant correspondence | Yes | • Correspondence regarding specific customer negotiations (A) <br> • Commercial harm if disseminated (M) |
| 7 | Deposition testimony of William McQuown (Guidant) | Yes | • Testimony regarding customer negotiation strategy (A) <br> • Testimony regarding specific customer negotiations (A) <br> • Commercial harm if disseminated (M) |
| 9 | Deposition testimony of Terry Coutsolioutsos (Guidant) | Yes | • Testimony regarding customer negotiation strategy (A) <br> • Testimony regarding specific customer negotiations (A) <br> • Commercial harm if disseminated (M) |
| 11 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A) <br> • Trade secret pricing information (A) <br> • Commercial harm if disseminated (M) <br> • Third-party material (M) |
| 12 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A) <br> • Trade secret pricing information (A) <br> • Commercial harm if disseminated (M) <br> • Third-party material (M) |
| 13 | Guidant proposal to Hospital | Yes | • Trade secret pricing information (A) |
| 14 | Deposition Testimony of Jay Ethridge | Yes | • Testimony regarding customer negotiation strategy (A) <br> • Proprietary and commercially sensitive (M) |
| 15 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A) <br> • Trade secret pricing information (A) <br> • Commercial harm if disseminated (M) <br> • Third-party material (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 16 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 17 | Deposition testimony of John Armstrong (Scripps) | | • Third-party material |
| 18 | Deposition testimony of Michael Zdeblick | | • Third-party material |
| 19 | Deposition testimony of Jeff Olson (Silver Cross) | | • Third-party material |
| 20 | Deposition testimony of Mark McDermott (Christiana Care) | | • Third-party material |
| 21 | Deposition testimony of James McManus (St. Joseph) | | • Third-party material |
| 22 | Deposition testimony of Louise White (Eisenhower Medical) | | • Third-party material |
| 23 | Deposition testimony of Michele Tarantino (Christiana) | | • Third-party material |
| 24 | Deposition testimony of Dennis Antinori (former Guidant Vice President) | Yes | • Trade secret pricing policies (A)<br>• Proprietary and commercial sensitive (A)<br>• Commercial harm if disseminated (M) |
| 25 | Deposition testimony of Gerry Slingsby (St. Patrick) | | • Third-party material |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 26 | Deposition testimony of Kevin Brown (Centinela Hospital) | Yes | • Proprietary (A) and commercially sensitive (M)<br>• Information subject to confidentiality provision (A)<br>• Third-party material (M) |
| 28 | Deposition testimony of Ronald Mitchell | Yes | • Proprietary and commercially sensitive (A) |
| 29 | Guidant account tracking report | Yes | • Proprietary and commercially sensitive (A)<br>• Internal document related to specific customers (A)<br>• Commercial harm if disseminated (M) |
| 34 | Deposition testimony of James McManus (St. Joseph) | | • Third-party material |
| 35 | Guidant presentation regarding price proposals | Yes | • Internal analysis of pricing strategy (A)<br>• Proprietary and commercially sensitive (A)<br>• Commercial harm if released (M) |
| 36 | Presentation by McKinsey to Guidant | Yes | • Trade secret pricing policies (A)<br>• Proprietary and commercially sensitive (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 40 | Deposition testimony of Buckley Beranek | Yes | <ul><li>Testimony regarding negotiating strategy (A)</li><li>Testimony regarding contract negotiations with particular customers (A)</li><li>Commercial harm if disseminated (M)</li></ul> |
| 41 | Internal Guidant correspondence regarding proposal to Grandview Hospital | Yes | <ul><li>Trade secret pricing information (A)</li><li>Proprietary and commercially sensitive (A)</li><li>Internal correspondence about particular customer (A)</li><li>Commercial harm if disseminated (M)</li></ul> |
| 51 | Internal Guidant correspondence | Yes | <ul><li>Internal correspondence about particular customer negotiations (A)</li><li>Negotiating strategy (A)</li><li>Commercial harm if disseminated (M)</li></ul> |
| 52 | MRG Survey Materials | Yes | <ul><li>Information protected by confidentiality agreement (A)</li><li>Internal proprietary market research (A)</li><li>Commercial harm if disseminated (M)</li><li>Third-party information (M)</li></ul> |
| 53 | Contract between Guidant and MRG | Yes | <ul><li>Information protected by confidentiality agreement (A)</li><li>Internal proprietary market research (A)</li><li>Commercial harm if disseminated (M)</li><li>Third-party information (M)</li><li>Contract subject to confidentiality provision (A)</li></ul> |
| 54 | Affidavit of Rachel Haisting | Yes | <ul><li>Information protected by confidentiality agreement (A)</li><li>Internal proprietary market research (A)</li><li>Commercial harm if disseminated (M)</li><li>Third-party information (M)</li></ul> |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 55 | Deposition testimony of Timothy Wohlgemut | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 56 | Contract between Guidant and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 57 | Deposition testimony of Jeff Rynbrandt (Guidant) | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 58 | MRG Survey Materials | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 59 | Deposition testimony of Barbara Marks (Elmhurst Hospital) | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 60 | MRG Survey Materials | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 61 | MRG Survey Materials | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 62 | MRG Survey Materials | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 63 | MRG Survey Materials | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 64 | Deposition testimony of Mary Korte | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 65 | Guidant's responses to Requests to Admit | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |
| 66 | Guidant correspondence related to customer | Yes | • Internal correspondence regarding particular customer contracts (A)<br>• Internal negotiating strategy (A)<br>• Commercially sensitive (M)<br>• Commercial harm if disseminated (M) |
| 69 | Contract between Guidant and University of Kansas | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 75 | Deposition testimony of Dan Sweeney | | • Third-party material |
| 76 | Contract between Guidant and Novation | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 77 | Correspondence between Guidant and Novation | Yes | • Correspondence regarding customer relationship (A)<br>• Commercial harm if disseminated (M) |
| 78 | Correspondence between Guidant and Novation | Yes | • Correspondence regarding customer relationship (A)<br>• Commercial harm if disseminated (M) |
| 79 | Correspondence between Guidant and Novation | Yes | • Correspondence regarding customer relationship (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M) |
| 80 | Correspondence between Guidant and Novation | Yes | • Correspondence regarding customer relationship (A)<br>• Commercial harm if disseminated (M) |
| 81 | Correspondence between Guidant and Novation | Yes | • Correspondence regarding customer relationship (A)<br>• Commercial harm if disseminated (M) |
| 82 | Contract between Guidant and Premier | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Third-party material (M) |
| 83 | Deposition testimony of Paula Mowbray | | • Third-party material |
| 84 | Internal Premier correspondence | | • Third-party material |
| 85 | Premier market research | | • Third-party material |
| 86 | Premier market research | | • Third-party material |
| 87 | Premier market research | | • Third-party material |
| 88 | Premier market research | | • Third-party material |
| 91 | Deposition testimony of Galen Christian | Yes | • Trade secret pricing information (A)<br>• Testimony regarding particular customers (A)<br>• Commercial harm if disseminated (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 92 | Guidant proposal to Eisenhower Medical | Yes | • Trade secret pricing information (A)<br>• Proprietary (A) and commercially sensitive (M)<br>• Commercial harm if disseminated (M) |
| 93 | Internal Guidant correspondence regarding Eisenhower Medical prices | Yes | • Trade secret pricing information (A)<br>• Proprietary (A) and commercially sensitive (M)<br>• Correspondence regarding particular customers and negotiating strategy (A)<br>• Commercial harm if disseminated (M) |
| 95 | Deposition testimony of Michael Zdeblick | | • Third-party material |
| 97 | Guidant customer list | Yes | • Proprietary (A) and commercially sensitive (M) |
| 98 | Guidant customer list | Yes | • Proprietary (A) and commercially sensitive (M) |
| 99 | Internal Guidant sales presentation | Yes | • Attorney-client privileged (inadvertently produced) (A)<br>• Trade secret pricing information (A)<br>• Proprietary (A) and commercially sensitive (M)<br>• Internal Guidant financial information and strategic analysis (A)<br>• Commercial harm if disseminated (M) |
| 100 | Internal Guidant strategic planning document | Yes | • Guidant strategic planning document (A)<br>• Proprietary and commercially sensitive (A)<br>• Commercial harm if disseminated (M) |
| 102 | MRG Survey Materials | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party materials (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 106 | Scripps Request for Proposal | Yes | • Third-party materials (M)<br>• Confidential pricing information (A)<br>• Commercial harm if disseminated (M) |

## Docket No. 183:  Affidavit of Gerard Nolting (filed 11/28/2005)

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 1 | Presentation prepared by McKinsey & Company for Guidant | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 2 | Expert Report of George Murphy, April 8, 2005 | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 3 | Supplemental Expert Report of George Murphy, September 1, 2005 | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 4 | Guidant's Code of Business Conduct | Yes | • Proprietary (A) and commercially sensitive (M) |
| 5 | Form Non-Disclosure Agreement between Guidant and its employees | Yes | • Proprietary (A) and commercially sensitive (M) |
| 6 | Form Proprietary Information Agreement between Guidant Sales Corporation and its employees | Yes | • Proprietary (A) and commercially sensitive (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 9 | Excerpts from the depositions of John Armstrong (Scripps Health), Kevin Brown (Centinela Hospital), Paula Mowbray (Premier), Dan Sweeney (Novation), and Michael Zdeblick (Rush System for Health), James McManus (St. Joseph Health System), and Michele Tarantino (Carilion) | | • Third-party material |
| 10 | Deposition testimony of Paula Mowbray and Dan Sweeney | | • Third-party material |
| 19 | Deposition testimony of Michael Zdeblick | | • Third-Party material |
| 22 | Deposition testimony of Joel Lankford (St. Patrick Hospital) and Gerry Slingsby (same) | | • Third-party material |
| 23 | Email from Leslie Foy (Manager of Corporate Accounts, Guidant Sales Corporation) to Guidant Sales Corporation sales staff and management | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 26 | Excerpts from the depositions of Mary Korte (Cardiac Pacemakers, Inc.), Jeff Rynbrandt (Guidant Sales Corporation), and Tim Wohlgemut (Millennium Research Group) | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive market research (M)<br>• Third-party material (M) |
| 27 | Deposition testimony of Tim Wohlgemut (MRG) | | • Third-party material |
| 28 | Market Monitor presentation prepared by Cardiac Pacemakers, Inc. for Guidant management. | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 29 | Deposition testimony of Mary Korte, Jeff Rynbrandt, and Rachel Haisting (Guidant) | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 30 | Deposition testimony of Tim Wohlgemut (MRG) | | • Third-party material |
| 31 | Deposition testimony of Jeff Rynbrandt and Tim Wohlgemut | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 32 | Contract between Cardiac Pacemakers, Inc. and MRG | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 34 | Contract between Guidant and Premier | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 35 | Excerpts from the deposition of Paula Mowbray | | • Third-party material |
| 36 | Excerpts from the deposition of Paula Mowbray | | • Third-party material |
| 37 | Excerpts from the deposition of Paula Mowbray | | • Third-party material |
| 38 | Premier's CardiacFocus Cardiac Rhythm Management Final Report. | | • Third-party material |
| 39 | Premier's CardiacFocus survey | | • Third-party material |
| 40 | Deposition testimony of Paula Mowbray | | • Third-party material |
| 41 | Deposition testimony of Dan Sweeney | | • Third-party material |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 42 | June 1, 2005 letter from Jean Holloway (General Counsel, Guidant Sales Corporation) to Loren Sobel (Senior Legal Counsel, Novation) | | • Third-party material |
| 43 | Deposition testimony of Dan Sweeney | | • Third-party material |
| 46 | Deposition testimony of Mark Bartell (Guidant) and Buckley Beranek (Guidant) | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 49 | Deposition testimony of Dennis Antinori (former Guidant Vice President) | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 51 | Deposition testimony of Mark McDermott (Christiana Care) | | • Third-party material |
| 52 | Deposition testimony of John Armstrong and Michael Zdeblick | | • Third-party material |

| Exhibit Number | Description | Ruling | Basis for Sealing |
| --- | --- | --- | --- |
| 54 | Deposition testimony of Louise White (Eisenhower Medical), John Armstrong, Joel Lankford, Mark McDermott, Gerry Slingsby, and Michele Tarantino (Carilion) | | • Third-party material |
| 55 | Deposition testimony of Mark McDermott | | • Third-party material |
| 56 | Deposition testimony of Alan Brill (Aspen expert witness on corporate security) | Yes | • Trade secret pricing information (M)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 57 | Excerpts from the deposition of Alan Brill | No | • Trade secret pricing information (D)<br>• Commercial harm if disseminated (D)<br>• Proprietary and commercially sensitive (D) |
| 62 | Contract between Guidant Sales Corporation and Eisenhower Medical Center | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 72 | Deposition testimony of Gerry Slingsby | | • Third-party material |
| 73 | Email chain between Tom Lafferty and St. Patrick Hospital, with attached letter to St. Patrick from L. Foy of Guidant | | • Third-party material |

**Docket No. 184:  Affidavit of Jay Ethridge (filed 11/28/2005)**

The Court rules that this affidavit remain sealed.

Basis for redaction:
- Trade secret pricing policies (A)
- Proprietary  (A) and commercially sensitive (M)
- Commercial harm if disseminated (M)

**Docket No. 185:  Affidavit of Rachel Haisting (filed 11/28/2005)**

The Court rules that this affidavit remain sealed.

Basis for redaction:
- Information protected by confidentiality agreement (A)
- Internal proprietary market research (A)
- Commercial harm if disseminated (M)
- Third-party information (M)

**Docket No. 189:  Affidavit of Douglas R. Boettge (filed 11/28/2005)**
**Docket No. 205:  Corrected Affidavit of Douglas R. Boettge (filed 1/10/2005)**
    **[These affidavits contained the same information]**

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 1 | Contract between Guidant Sales Corporation and Scripps Health | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 3 | Contract between Guidant Sales Corporation and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 4 | Contract between Guidant Sales Corporation and Hospital | Yes | • Contract with confidentiality clause (A)<br>• Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 7 | Deposition testimony of Michael Zdeblick (Rush) | | • Third-party material |
| 8 | Deposition testimony of Mark McDermott (Christiana Care) | | • Third-party material |
| 9 | Deposition testimony of Michele Tarantino (Carilion) | | • Third-party material |
| 11 | Deposition testimony of John Armstrong (Scripps) | | • Third-party material |
| 12 | Deposition testimony of Jeff Olson (Silver Cross Hospital) | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 13 | Deposition testimony of James McManus (St. Joseph) | | • Third-party material |
| 14 | Deposition testimony of Louise White (Eisenhower Medical) | | • Third-party material |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 15 | Deposition testimony of Dennis Antinori (former Guidant Vice President) | Yes | <ul><li>Commercial harm if disseminated (M)</li><li>Proprietary (A) and commercially sensitive (M)</li><li>Trade secret pricing policies (A)</li></ul> |
| 16 | Presentation prepared by McKinsey & Company for Guidant | Yes | <ul><li>Trade secret pricing information (A)</li><li>Commercial harm if disseminated (M)</li><li>Proprietary (A) and commercially sensitive (M)</li><li>Third-party material (M)</li></ul> |
| 17 | MRG Survey Materials | Yes | <ul><li>Commercial harm if disseminated (M)</li><li>Proprietary (A) and commercially sensitive (M)</li><li>Protected by confidentiality provision (A)</li><li>Third-party material (M)</li></ul> |
| 18 | Contract between Cardiac Pacemakers and MRG | Yes | <ul><li>Contract with confidentiality clause (A)</li><li>Commercial harm if disseminated (M)</li><li>Proprietary (A) and commercially sensitive (M)</li><li>Third-party material (M)</li></ul> |
| 19 | Deposition testimony of Tim Wohlgemut (MRG) | Yes | <ul><li>Commercial harm if disseminated (M)</li><li>Proprietary (A) and commercially sensitive (M)</li><li>Third-party material (M)</li></ul> |
| 20 | Contract between Guidant and Elmhurst Memorial Hospital | Yes | <ul><li>Contract with confidentiality clause (A)</li><li>Trade secret pricing information (A)</li><li>Commercial harm if disseminated (M)</li><li>Proprietary (A) and commercially sensitive (M)</li><li>Third-party material (M)</li></ul> |
| 27 | Deposition testimony of Michael Zdeblick (Rush) | | <ul><li>Third-party material</li></ul> |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 28 | Deposition testimony of James McManus (St. Joseph) | | • Third-party material |
| 29 | Deposition testimony of Buckley Beranek (Guidant) | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 30 | Internal Guidant correspondence | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 31 | Internal Guidant correspondence about customer negotiations | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 32 | Deposition testimony of Terry Coutsolioutsos (Guidant) | Yes | • Trade secret pricing information (A) |
| 39 | Presentation prepared by McKinsey & Company for Guidant | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M)<br>• Third-party material (M) |
| 41 | Internal Guidant correspondence about customer negotiations | Yes | • Proprietary (A) and commercially sensitive (M) |
| 42 | Excerpt from internal presentation of Guidant legal strategy | Yes | • Attorney-client privilege (inadvertently produced) (A)<br>• Proprietary (A) and commercially sensitive (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 43 | Internal Guidant presentation on sales contracting | Yes | • Trade secret pricing policies (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 44 | Internal Guidant correspondence about customers | Yes | • Proprietary (A) and commercially sensitive (M)<br>• Commercial harm if disseminated (M) |
| 45 | Internal Guidant presentation to management | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 46 | Guidant account tracking spreadsheet | Yes | • Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 47 | Internal Guidant correspondence | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 49 | Spreadsheet of Guidant account information | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 50 | Internal Guidant correspondence | Yes | • Trade secret pricing information (A)<br>• Commercial harm if disseminated (M)<br>• Proprietary (A) and commercially sensitive (M) |
| 55 | Deposition testimony of Paula Mowbray (Premier) | | • Third-party material |
| 57 | Deposition testimony of Michael Zagger | | • Third-party material |
| 73 | Aspen presentation to Carilion | Yes | • Pricing information (A)<br>• Commercial harm if disseminated (M) |

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 75 | Affidavit of Rachel Haisting | Yes | • Information protected by confidentiality agreement (A)<br>• Internal proprietary market research (A)<br>• Commercial harm if disseminated (M)<br>• Third-party information (M) |

**Docket No. 193:  Affidavit of Douglas Boettge (response affidavit filed 12/05/2005)**

| Exhibit Number | Description | Ruling | Basis for Sealing |
|---|---|---|---|
| 1 | Deposition testimony of Joel Lankford (St. Patrick Hospital) | | • Third-party material |
| 2 | Deposition testimony of Barbara Marks (Elmhurst Hospital) | Yes | • Proprietary (A) and commercially sensitive (M)<br>• Information subject to confidentiality provision (A)<br>• Third-party material (M) |
| 3 | Deposition testimony of Anthony Montagnolo | | • Third-party material |
| 5 | Hospital Request for Proposal | Yes | • Pricing information (A)<br>• Commercial harm if disseminated (M) |
| 6 | Correspondence between Bob Cantwell and Hospital | Yes | • Guidant contract negotiations (A)<br>• Commercial harm if disseminated (M) |
| 7 | Deposition testimony of Joel Lankford (St. Patrick Hospital) | | • Third-party material |
| 8 | Deposition testimony of George Murphy (Guidant's trade secret expert) | No | • Proprietary and commercially sensitive<br>• Information subject to confidentiality provision (D)<br>• Commercial harm if disseminated (D) |

| 9 | Internal Guidant presentation | Yes | • Attorney-client privilege (inadvertently produced) (A)<br>• Proprietary (A) and commercially sensitive (M)<br>• Commercial harm if disseminated (M) |
|---|---|---|---|
| 15 | Deposition testimony of Mark McDermott | | • Third-party material |
| 16 | Internal Guidant correspondence re contract negotiations | Yes | • Guidant contract negotiations (A)<br>• Commercial harm if disseminated (M) |

Aspen requests that the following exhibits remain sealed or be redacted in some way. Because most of Aspen's requests involve proposed redactions, rather than a request to seal an entire document like Guidant, the Court has added a column titled "Redactions" that specifies what portions of the document Aspen requests be redacted. The Court rules as follows.

**Docket No. 159: Affidavit of Craig S. Coleman (filed 11/01/2005)**

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 14 | Excerpts from testimony of various MedAssets, Inc. witnesses | Yes | 14-03 | • Confidential and proprietary (A) |
| 18 | Aspen client request for information | No | Entire document | • Confidential and proprietary (D) |
| 19 | Aspen Power Point presentation to client | Yes | 19-12:19-14,19-19:19-34, 19-36:19-39 | • Confidential and proprietary (A)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 20 | Executed contract between Aspen and hospital client | Yes | 20-04, 20-06:20-08, 20-11, 20-14:20-15 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 27 | Aspen Power Point presentation to hospital client | Yes | 27-05:27-06, 27-08, 27-10:27-12, 27-21:27-23, 27-27, 27-30:27-63 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 28 | Aspen Request for Proposal ("RFP") drafted on behalf of client. | Yes | Entire document | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 29 | Aspen RFP drafted on behalf of client | Yes | Entire document | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 33 | Email between Aspen and its client | Yes | 33-01 | • Confidential and proprietary (A)<br>• Third-part material (M) |
| 34 | Email between Aspen and its client | Yes | 34-01 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 38 | Email between Aspen and its client | Yes | 38-01:38-02 | • Confidential and proprietary<br>• Third-party material |
| 39 | Email between Aspen and its client | Yes | 39-01 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 42 | Email between Aspen and its client | Yes | 42-01:42-02 | • Confidential and proprietary (A)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 43 | Email between Aspen and its client | Yes | 43-02 | • Confidential and proprietary (A)<br>• Third-party material |
| 45 | Internal Aspen email | Yes | 45-01 | • Confidential and proprietary (A)<br>• Third-party material |
| 47 | Internal Aspen email | Yes | 47-01 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 48 | Excerpts from testimony of various MedAssets, Inc. and Aspen witnesses | Yes | Entire document | • Confidential and proprietary (A) |
| 49 | Excerpts from testimony of various MedAssets, Inc. and Aspen witnesses | Yes | 49-02:49-03, 49-05:49-07 | • Confidential and proprietary (A) |
| 52 | Updated Preliminary Report of Guidant Damages Expert, Donald M. Nicholson | Yes | 52-05, 52-14 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 57 | Email between Aspen and its client | Yes | 57-01:57-02 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 60 | Email between Aspen and its prospective client | Yes | 60-01:60-2 | • Confidential and proprietary (A)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 62 | Aspen cost-savings document prepared for its client | Yes | 62-01:62-16 | • Confidential and proprietary (A) |
| 64 | Preliminary Expert Report of Donald Nicholson | Yes, in part | 64-06, except for phrase, "and its guaranteed cost savings," 64-08:64-09, 64-11, 64-13:64-14 | • Confidential and proprietary (A)<br>• Third-party material |
| 68 | Preliminary Expert Report of Cobb & Associates | Yes | 68-25, 68-33:68-36 | • Confidential and proprietary (A) |

**Docket No. 167:  Affidavit of Douglas R. Boettge (filed 11/01/2005)**

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 30 | Executed contract between Aspen and its client | Yes | A000551, A000553:A000555, A000558, A000561:A000562 | • Confidential and proprietary (A)<br>• Third-party material (M) |

**Docket No. 183:  Affidavit of Gerard Nolting (filed 11/28/2005)**

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 63 | Aspen Project Task List for its client | Yes | 63-01 | • Confidential and Proprietary (A)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 68 | Email between Aspen and its client | Yes | 68-02:68-03 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 70 | Internal Aspen email | Yes | 70-01 | • Confidential and proprietary (A)<br>• Third-party material (M) |

**Docket No. 189:  Affidavit of Douglas R. Boettge (filed 11/28/2005)**
**Docket No. 205:  Corrected Affidavit of Douglas R. Boettge (filed 1/10/2005)**
    **[These affidavits contained the same information]**

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 23 | Executed contract between Aspen and its client | Yes | A000551, A000553:A000555, A000558, A000561:A000562 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 59 | MedAssets, Inc.'s response to a hospital's Request for Proposals | Yes | Entire Document | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 60 | MedAssets, Inc.'s Power Point presentation and internal financial models related to prospective client | Yes | A-200336762, A-200336773:A-200336775, A-200336778; A-200336786, A-200336796:A-200336797, A-200336799:A-200336800, A-200336834:A-200336837, A-200339699, A-200339713, A-200339715, A-200339413, A-200339415, A-200336101 (includes several pages labeled as this bates number) | • Confidential and proprietary (A)<br>• Third-party material (M) |

| Exhibit Number | Description | Ruling | Redactions | Basis for Sealing |
|---|---|---|---|---|
| 61 | Internal Aspen and MedAssets, Inc. emails | Yes | A-200371791, except the phrase, "Our guaranteed savings is" | • Confidential and proprietary (A) |
| 66 | Aspen Power Point presentation to hospital | Yes | A-200332891, A-200332895, A-200332898:A-200332900 | • Confidential and proprietary (A)<br>• Third-party material |
| 72 | Executed contract between Aspen and its client | Yes | A-200380983, A-200380988:A-2003880989, A-200380992:A-200380993 | • Confidential and proprietary (A)<br>• Third-party material (M) |
| 73 | Aspen Power Point presentation to its client | Yes | Pages 2, 4-6 | • Confidential and proprietary (A)<br>• Third-party material (M) |

## Conclusion

**IT IS HEREBY ORDERED THAT:**

1.      Public Citizen's Motion to Intervene (Doc. No. 385) is **GRANTED**.

2.      Public Citizen's Motion to Unseal Summary Judgment Briefs and

Supporting Papers (Doc. No. 388) is **GRANTED IN PART AND DENIED IN PART**

as follows:

a.      The Court orders that the summary judgment briefs be

unsealed.

b.      The Court orders that any supporting documents not identified in the above charts or otherwise objected to by Guidant or Aspen be unsealed.

c.      The Court orders that the supporting documents addressed in the above charts remain sealed or be unsealed or redacted as directed in the above charts.

d.      The Court grants Guidant's request to seal exhibits 52, 64, 65, and 68 of Craig S. Coleman's affidavit (Doc. No. 159) insofar as they contain pricing information.  Because substantial parts of these documents do not contain pricing information, the Court directs Guidant to submit to the Court within two weeks of the date of this Order, proposed redactions to these documents that reflect the Court's decision to redact the pricing information contained therein.

e.      The Court reserves the right to rule on certain documents in the above charts that contain solely third-party material.  The Court directs Guidant, in conjunction with Aspen, to send a copy of this Order to those affected third parties within two weeks of the date of this Order.  Affected third parties shall have thirty days from receipt of this Order to object to the Court unsealing documents that contain their own third-party material.

3.     Consistent with this Order, the Court directs Guidant and Aspen to

electronically file the summary judgment briefs and supporting documents that the Court

is unsealing.


Dated:  October 24, 2006          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court